Daniel, J.
 

 The execution, which the relator placed in the hands of Woodside, commanded the sheriff to re
 
 *298
 
 turn it, and what he had done under it, to the next term of the. Court out of which it had issued. And the Act of ' Assembly subjected the sheriff to a penalty of $100, in case he neglected to return the writ. The Act, being penal, must be construed strictly. ¥/oodside was not sheriff, at the time the execution was returnable ; he, by law, therefore, could not return the said writ into Court. The new sheriff or coroner, as the case might be, was the ' proper person to return the writ. It was the duty of Woodside, however, to turn over, or surrender to the new sheriff or coroner, all the writs in h:s hands, to be returned to the ensuing term by the new officer. If the plaintiff in this execution has been injured by the old sheriff neglecting to do his duty, he has his remedy by an action on the case against him; but he is not entitled to the penalty of $ 100. The plaintiff insists, that the defendants are concluded by the judgment against Wood-side for the $100. We do not think so ; the sureties of the sheriff may shew, that the judgment was either fraudulently or improperly obtained against their principal. It seems to us, however, that the case of
 
 McLin
 
 v.
 
 Mar-die,
 
 3 Ired. 407, runs nearly upon all fours with this case, and is decisive of it. It was then held, that a sheriff, to* whom a writ had been delivered, but who went out of office before the return day of the writ, had no power to make the return on it, and therefore was not subject to an amercement for not doing so. Without over-ruling this case, (which we do not feel disposed to do,) we are bound to affirm the judgment, which is done accordingly.
 

 Per Curiam. Judgment affirmed.